[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 04, 2007
THOMAS K. KAHN
CLERK

No. 05-14720
_____

D.C. Docket No. 05-20708-CV-PCH

MARIA N. GARCIA,

Plaintiff-Appellant,

versus

FEDERAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(December 4, 2007)**

Before DUBINA, KRAVITCH and JOHN R. GIBSON,[*] Circuit Judges.

PER CURIAM:

_____

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Maria N. Garcia appeals from an order of the district court dismissing her action against the Federal Insurance Company claiming that Federal's homeowner's policy, insuring Laura Anderson, extended coverage to Garcia as Anderson's employee. The dispute over coverage began after Garcia struck and seriously injured a pedestrian when her foot slipped off a worn brake pedal while she was doing errands for Anderson in a car belonging to Anderson's son-in-law. The pedestrian sued Garcia for negligence. Garcia settled the lawsuit for $7,000,000 and sought coverage from Federal, Anderson's insurance carrier, which denied her claim.[1] She argues that she should be covered under the policy because Anderson failed to maintain the brake pedal in proper condition.

We set out the controlling issues in this case in our prior opinion, Garcia v. Fed. Ins. Co., 473 F.3d 1131 (11th Cir. 2006) (per curiam), and concluded that we could not proceed on issues of Florida law without state court guidance. Accordingly, we certified two questions to the Florida Supreme Court: (1) "Is an insurance policy that defines a covered person as 'any other person with respect to liability because of acts or omissions' of the insured ambiguous?", and (2) "Does an insurance policy providing coverage for an additional insured 'with respect to

---

[1]A full presentation of the facts are available in our prior opinion, Garcia v. Fed. Ins. Co., 473 F.3d 1131 (11th Cir. 2006) (per curiam).

2

liability because of acts or omissions' of the named insured limit coverage to instances in which the additional insured is vicariously liable for acts of the named insured?" Id. at 1136.

The Florida Supreme Court answered no and yes, respectively. In other words, the policy is not ambiguous, and coverage for additional insureds (such as Garcia) other than the named insured (in this case, Anderson) is limited to instances in which the additional insured is vicariously liable for acts of the named insured. Garcia v. Fed. Ins. Co., --- So.2d ----, 2007 WL 3101820, *1 (Fl. Oct. 25, 2007). Since Garcia was sued for her own negligence, not Anderson's negligence, she is not covered by the terms of the policy. Accordingly, the judgment of the district court is AFFIRMED.