537 So.2d 208 (1989)
HARTFORD INSURANCE COMPANY OF THE MIDWEST, Appellant,
v.
H. Skeet SURRENCY, As Personal Representative of the Estate of Hilton L. Surrency, Deceased, Appellee.
No. 88-463.
District Court of Appeal of Florida, Fifth District.
January 26, 1989.
Charles B. Carter of Jones, Carter & Singer, P.A., Gainesville, for appellant.
Wayne C. McCall of Agres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for appellee.
DAUKSCH, Judge.
Hartford Insurance Company appeals a final summary judgment which determined that Chapter 84-41, Laws of Florida was applicable to an insurance policy issued to appellees. Chapter 84-41, section 627.727, Florida Statutes requires an insurance policy with an effective date on or after October 1, 1984 to have a heading in bold type informing the insured that the policy has uninsured motorist limits less than the bodily injury limits. The policy in this case did not have such a statement and the dispute is over when the policy took effect.
An insurance policy takes effect when the insurance company receives an application and it is accepted. 44 C.J.S. Insurance § 232. The policy in this case clearly states that it took effect September 20, 1984. The effective date is not, as appellee contends, the date a supplemental application is returned because parties can contract for a policy to begin on a particular date. Id. at § 223. A policy takes effect on a specified date even though the contract may be subject to acceptance of an application. Id. at § 340.
The trial court erred in applying Chapter 84-41 and entering summary judgment in favor of appellees. We reverse and remand for the trial court to hold a hearing where the parties will present evidence from which the trial court shall make a finding of whether the appellees made a knowing selection of uninsured motorist coverage.
REVERSED and REMANDED.
*209 ORFINGER, J., concurs.
SHARP, C.J., concurs and concurs specially with opinion.
SHARP, Chief Judge, concurring and concurring specially.
While I agree this case should be reversed and a hearing held to determine whether the Surrencys made a knowing selection of uninsured motorist coverage, I think there is also a factual issue as to whether Hartford adequately notified the Surrencys that it was making a material change in the policy by reducing the amount of uninsured motorist coverage available. The policy originally issued on September 20, 1984, had uninsured motorist coverage equal to the liability coverage. Both parties agree the policy as issued September 20, 1984 would have had $100,000/$300,000 uninsured motorist coverage, since the Surrencys made no valid uninsured motorist selection, and Hartford elected to issue the policy early. The effect of accepting the Surrencys' post-October 1, 1984 lower uninsured motorist coverage selection was to materially alter the policy  an event which requires notifying the insured by the insurer. Annotation, Insurance Company as Bound by Greater Coverage in Earlier Policy Where Renewal Policy is Issued Without Calling to Insured's Attention a Reduction in the Policy Coverage, 91 A.L.R.2d 546 (1963).
Further, it appears to me the record establishes a basis to show that Hartford acted deliberately to deny the Surrencys the benefit of the bold print notice required by Chapter 84-41, § 1, Laws of Florida. The Surrencys were covered by a prior policy issued by Hartford, which did not expire until October 31, 1984. Had they not been rushed by Hartford into terminating the older policy before it expired, they would clearly have been entitled to the notice provided by Chapter 84-41, Laws of Fla. These are circumstances which should be more fully explored on remand.