**VULCAN MATERIALS COMPANY, Plaintiff,**

v.

**CASUALTY INSURANCE COMPANY, Defendant.**

**No. 88 C 7572.**

United States District Court, N.D. Illinois, E.D.

Sept. 29, 1989.

James M. Hofert and Robert A. Kezelis, French Rogers Kezelis & Kominiarek, P.C., Chicago, Ill., for plaintiff.

Creed T. Tucker, Alfieri, Abbene, Durkin & Daily, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Vulcan Materials Company ("Vulcan") has sued Casualty Insurance Company ("Casualty") in this diversity action, seeking declaratory relief under 28 U.S.C. § 2201[1] to define the rights and liabilities of the parties under an insurance policy issued by Casualty. Both parties have now moved for summary judgment under Fed. R.Civ.P. ("Rule") 56. For the reasons stated in this memorandum opinion and order, Vulcan's motion is denied, Casualty's motion is granted and this action is dismissed.

### Facts[2]

On August 5, 1986 Michael Giguere ("Giguere"), an employee of J.H. Sandman & Sons ("Sandman"), delivered a load of

---

1. All further references to Title 28 provisions will simply take the form "Section—."

2. Familiar Rule 56 principles impose on the movant the burden of establishing the lack of a genuine issue of material fact (*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)). For that purpose this Court is called on to draw all "reasonable inferences, not every conceivable inference" in the light most favorable to the nonmovant (*DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir.1987)). Whereas here cross motions are involved, that principle demands a dual perspective that sometimes causes the denial of both motions. Here, however, the issue is purely one of law—the meaning of an unambiguous provision of an insurance policy—so that no such problem arises. One other preliminary matter of terminology, stemming from the fact that in this instance each of the motions was briefed separately: This opinion's references to the several memoranda must therefore identify both the party and the motion. For example, Vulcan's response to Casualty's motion will be cited "Vulcan Mem. (Casualty SJ)—."

scrap metal to a Vulcan plant in Gary, Indiana. That delivery was made in a truck owned and operated by Sandman, which had been insured by Casualty under its Policy No. GAD 86–27486 ("the Policy"). After Giguere had finished unloading [3] the bulk of the scrap metal from his truck, he was in the process of cleaning out some remaining debris in the truck when he was struck and killed by a magnet falling from Vulcan's crane.

Giguere's ex-wife Christine, as the administrator of his estate, sued Vulcan for damages in the Circuit Court of Cook County. Vulcan then removed the case to this District Court, and it was later transferred to the Northern District of Indiana under Section 1404(a).

On May 23, 1988 Vulcan wrote to Casualty tendering the defense of the Giguere lawsuit. There was no response. On August 31, 1988 Vulcan filed this action to determine whether the Policy required Casualty to provide such a defense. Then on October 10 Vulcan again wrote Casualty tendering the defense of the Giguere case. Finally on December 9, when Casualty answered in this action, it denied that it was required to defend Vulcan.

Vulcan asserts Casualty's duty to defend arises out of "Comprehensive Automobile Liability Insurance Coverage Part Nine" of the Policy. Under that section the "PERSONS INSURED" are defined in part this way (emphasis in original, indicating terms defined elsewhere in the Policy):

> Each of the following is an insured under this insurance to the extent set forth below:

(a) The **named insured** [Sandman];

\*　　\*　　\*　　\*　　\*　　\*

(c) any other person while using an **owned automobile** or a **hired automobile** with the permission of the **named insured,** provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to **bodily injury** or **property damage** arising out of the loading or unloading thereof, such other person shall be an **insured** only if he is:

> (1) a lessee or borrower of the **automobile,** or
>
> (2) an employee of the **named insured** or of such lessee or borrower;

(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an **insured** under (a), (b) or (c) above.

### Coverage

Although it was initially unclear just how Vulcan claimed to be a "person insured," Vulcan Mem. (Casualty SJ) 1, 3 now identifies paragraph (d) as the sole basis for its Policy coverage.[4] Vulcan contends Sandman (the "named insured" under the Policy) negligently failed to train Giguere, and that failure caused the accident. Thus, says Vulcan, its liability arises "because of acts or omissions of an insured under (a)."

Casualty responds to that obviously strained reading of paragraph (d) with its own strained interpretation.[5] Casualty R.Mem. (Casualty SJ) 7–8 stresses that paragraph (d) provides coverage for others

**3.** "Unloading" in this case refers to the normal usage of the word, not the term of art in the case law. As to the latter, see *Woodside v. Gerken Food Co.,* 130 Ill.App.3d 501, 85 Ill.Dec. 811, 474 N.E.2d 771 (5th Dist.1985).

**4.** Vulcan's Complaint and its summary judgment motion both refer to the Policy's "loading and unloading" provision as providing coverage —referring, of course, to paragraph (c). Vulcan Mem. (Casualty SJ) 4 now explicitly rejects that provision as providing coverage (apparently after having recognized and acceded to Casualty's cogent analysis rejecting its applicability). Indeed, although paragraph (d) incorporates para-

graph (c) by reference, Vulcan appears to rely only on the incorporation of paragraph (a)—the "named insured." Coverage under paragraph (d) represents a new and unpleaded theory of liability—but the statement of a cause of action is a function of the facts alleged, not of the legal theories advanced. This opinion will therefore consider Vulcan's "new" alleged basis for coverage.

**5.** Equally strained? More strained? Less strained? It really doesn't matter, for the proper search is for the correct meaning of the language, not for the least incorrect.

"but *only* with respect to … liability because of acts or omissions of [a named] insured" (emphasis added). Casualty would have that provision read as though "only" were moved to a different place in the paragraph: "but with respect to his or its liability because of acts or omissions *only* of [an] insured…." According to Casualty, Vulcan's own negligence bars it from coverage because paragraph (d) covers third parties only when the named insured is *solely* responsible for the accident.

■ Like every effort to read a document by first changing its language, Casualty's proffered interpretation is wholly unpersuasive. "Only" in paragraph (d) clearly refers to the "with respect to" clause that follows it immediately. Rather than insuring the world generally, paragraph (d) insures the world *only* when its liability arises because of acts or omissions of an insured. Casualty's repositioning of the word "only" may get points for creativity, but it is wholly arbitrary and is unsupported by any grammatical analysis known to this Court.

That is not the end of the story, however. Casualty's argument touches on (but never hits on the head) the equally obvious flaw in Vulcan's argument. Vulcan too would distort the Policy's language—in its case, not the word "only" but rather the words "because of." What does it mean to say that Vulcan's liability arises "because of" Sandman's acts or omissions?

If Sandman had not sent Giguere to Gary that day (and sending him was surely an "act … of an insured"), there would have been no accident (at least not involving Giguere), and of course Vulcan would not have been sued. But surely *that* kind of causal nexus cannot be the "because of" relationship between Sandman's acts and Vulcan's potential liability of which the Policy speaks. Under such a reading, Casualty would have to provide coverage to *all* parties concerned in any accident involving a Casualty-insured vehicle.[6] No such read-

ing is rational—the common legal usage of "causation" stems from just such considerations.

In the normal sense of the language employed by the Policy, Vulcan's liability "because of" Sandman's acts or omissions can exist only if Vulcan bears some legal responsibility for Sandman's acts. In the legal (and sensible) sense only Vulcan's own acts, or the acts of others for whom Vulcan is viewed as responsible, can "cause" (that is, can give rise to) liability on Vulcan's part. Paragraph (d) is plainly a vicarious liability provision and nothing more: It insures all those who may be vicariously liable for acts or omissions of the named insured (or of other persons insured under the other paragraphs not involved in this case—paragraphs (b) and (c)).

Nothing provided to this Court even hints at any basis for finding Vulcan vicariously liable for Sandman's acts. Sandman was not employed by or acting as an agent for Vulcan, nor was there any other legal relationship between the two that would offer an alternate basis of vicarious liability.

This opinion has proceeded on the basis of the plain meaning of Policy language, both because that approach comports with logic and because no case law appears to bear on the question. Neither party points to any Illinois case interpreting paragraph (d). *Estes Co. of Bettendorf, Iowa v. Employers Mutual Casualty Co.*, 79 Ill.2d 228, 37 Ill.Dec. 611, 402 N.E.2d 613 (1980) did deal with the identical "persons insured" section and the need to decide whether paragraph (d) applied. But *Estes*, 79 Ill.2d at 235, 37 Ill.Dec. at 614, 402 N.E.2d at 616 ultimately found that provision inapplicable because it could not identify "an insured under (a), (b) or (c)" (a prerequisite to any paragraph (d) applicability). Although there also appeared to be no basis for vicarious liability in *Estes*, the court never had occasion to consider the

---

**6.** Casualty R.Mem. 1 (Casualty SJ) 7 identifies this irrationality but incorrectly identifies its

source.

issue identified in this opinion.[7] Nothing in *Estes* affects the analysis here.

### Other Issues

Although both parties have raised other issues in their briefings, none of them needs to be addressed. Whether Giguere was actually "unloading" at the time of the accident is irrelevant [8] because the possibility of coverage under paragraph (c) (even via paragraph (d)) has been ruled out. It is likewise irrelevant whether any employer-employee exclusion bars application of the Policy.

 One final issue raised by Vulcan is whether Casualty has waived any Policy defenses. However, Casualty has consistently refused to accept the tendered defense, and this opinion has decided it was right in doing so. Under such circumstances Vulcan has stated no facts giving rise to waiver. It cannot rely on *Gibraltar Insurance Co. v. Varkalis*, 115 Ill.App.2d 130, 253 N.E.2d 605 (1st Dist.1969), where an insurer was held to have waived defenses by *appearing* in the underlying case without a reservation of rights (see also *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 195, 355 N.E.2d 24, 29 (1976)).[9] Casualty never had an obligation to defend, nor did it undertake one (see *Associated Indemnity*, 68 Ill.App.3d at 817, 25 Ill.Dec. at 266, 386 N.E.2d at 537).

### Conclusion

There is no genuine issue of material fact here. This Court hereby declares that Vulcan is not a "person insured" under the Policy, so that Casualty has no duty to defend Vulcan in the Giguere lawsuit against Vulcan. Casualty is therefore enti-

tled to a judgment to that effect as a matter of law.

---

7. It is scarcely without significance that the only basis on which paragraph (d) was argued by the plaintiff in *Estes* as providing coverage under the identical form of policy was indeed a vicarious-liability argument.

8. And therefore any remaining issue of material fact on that point is not outcome-determinative.

9. Nor is this a case where Casualty has *in fact* breached a duty to defend, thus becoming estopped from raising noncoverage as a defense in a later action (see *Associated Indemnity Co. v. Ins. Co. of North America*, 68 Ill.App.3d 807, 821–22, 25 Ill.Dec. 258, 269, 386 N.E.2d 529, 540 (1st Dist.1979)).