740 So.2d 65 (1999)
Warren R. BEANS, Robert L. Beans and Bay Plumbing Company, Inc., Appellants,
v.
James P. CHOHONIS, Jr., Appellee.
Nos. 98-2239, 98-1582, 98-10.
District Court of Appeal of Florida, Third District.
July 7, 1999.
Rehearing Denied September 29, 1999.
*66 Sutton & Montoto and John R. Sutton, Miami, for appellants.
Weissman, Dervishi, Shepherd, Borgo & Nordlund and John Borgo, Miami, for appellee.
Before LEVY, GODERICH, and FLETCHER, JJ.
PER CURIAM.
Warren R. Beans, Robert L. Beans, and Bay Plumbing Company, Inc. [Bay Plumbing], defendants below, appeal final judgments for damages, attorney's fees, and costs, entered against them in an action for breach of contract brought by plaintiff, James P. Chohonis, Jr. Chohonis cross-appeals from the judgment awarding him attorney's fees, contending the trial court committed various errors which resulted in an insufficient award. We reverse the judgments.[1]
Warren Beans, the founder and sole owner of Bay Plumbing entered into an agreement with his son, Robert L. Beans, and his son-in-law, Chohonis, both of whom were employees of Bay Plumbing. The agreement provided essentially for Warren Beans to transfer his entire stock in the company, one-half each to Robert and Chohonis by the end of ten years, the transferrals to be made incrementally. However, the agreement contains a proviso which forms the basis for this litigation:
"If James P. Chohonis, Jr. or Robert L. Beans should leave the employment of Bay Plumbing Co., Inc. for any reason during the period of ten (10) years from the date of this agreement, they agree to return the stock acquired by gift to the giver."
Approximately six years into the agreement Warren Beans gave written notice terminating Chohonis' employment.[2] Pursuant to the stock return provision of the agreement Warren Beans subsequently demanded that Chohonis return all stock which had to that date been transferred to him. Chohonis then filed this action setting forth claims for specific performance of the stockholder agreement, breach of the stockholder agreement, unpaid wages, quantum meruit, and access to documents under section 607.160, Florida Statutes (1995). Bay Plumbing counterclaimed for an accounting, breach of the stockholder agreement, unjust enrichment, fraud and declaratory relief.
Prior to trial the parties requested the trial court to construe the agreement to determine whether or not the "leave the employment ... for any reason" language included both voluntary and involuntary terminations of employment. Bay Plumbing *67 contended that an involuntary leaving of employment was intended to be included within the language's meaning thus requiring Chohonis to return the stock. Chohonis, of course, took the opposite view. The trial court concluded that the wording was ambiguous and allowed parol evidence in regard to its meaning. Ultimately Chohonis prevailed on his claims.
We conclude that in declaring the contract language ambiguous the trial court departed from the principle of contract interpretation which requires that the words used by the parties must be given their plain and ordinary meaning.[3]See e.g. Rupp Hotel Operating Co. v. Donn, 158 Fla. 541, 29 So.2d 441 (1947); Pol v. Pol, 705 So.2d 51 (Fla. 3d DCA 1997), cert. denied, 717 So.2d 536 (Fla. 1998); Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101 (Fla. 3d DCA 1987). One looks to the dictionary for the plain and ordinary meaning of words. City of Miami Beach v. Royal Castle System, Inc., 126 So.2d 595 (Fla. 3d DCA 1961). The dictionaries we have reviewed make it clear that the word "leave" includes both voluntary and involuntary action. Indeed, the Oxford Encyclopedic English Dictionary, 814 (3d ed.1996), provides within its definition of "leave," as an example of usage, "leave here." Clearly "leave here" can include an order compelling someone to part involuntarily from the area.[4]See also The American Heritage Dictionary of the English Language, 745 (8th ed.1979). The proviso's language thus plainly means that whether Chohonis' departure was voluntary or involuntary he is required to return the stock to Warren Beans.
As a consequence we reverse the three judgments under appeal and remand the cause to the trial court with instructions to enter judgment in favor of Warren Beans, Robert L. Beans, and Bay Plumbing Company, Inc. as to the claims of James P. Chohonis, Jr., and to have such further proceedings as are consistent herewith.
NOTES
[1] The cross-appeal is rendered moot by our decision.
[2] The agreement in question is not an employment contract. Chohonis remained an "at will" employee, subject to termination at any time, for which he could not maintain an action. DeMarco v. Publix Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1123 (Fla.1979).
[3] Unless the document in question contains a glossary of terms requiring a different meaning, Specialty Restaurants Corp. v. City of Miami, 501 So.2d at 102, which is not the case here.
[4] "Leave here, and never see my daughter again!", for example; a familiar refrain throughout the ages.