969 So.2d 288 (2007)
Maria N. GARCIA, Appellant,
v.
FEDERAL INSURANCE COMPANY, Appellee.
No. SC06-2524.
Supreme Court of Florida.
October 25, 2007.
*289 R. Hugh Lumpkin and Michael F. Huber of Ver, Ploeg and Lumpkin, P.A., Miami, FL, and Jorge L. Guerra of Rodriguez, Tramont, Guerra, and Nunez, P.A., Coral Gables, FL, for Appellant.
Irene Porter and Mark Hicks of Hicks and Kneale, P.A., Miami, FL, for Appellee.
CANTERO, J.
In this case, we must determine an insurance policy's scope of coverage for an additional insured. Appellant, Maria Garcia, seeks coverage under a homeowner's insurance policy issued to her employer by Appellee, Federal Insurance Company ("Federal"). The policy extends coverage to "any other person or organization with respect to liability because of acts or omissions" of the named insured. Reviewing the case on appeal, the United States Court of Appeals for the Eleventh Circuit noted that "the dispute between Garcia and Federal hinges on whether the additional insured clause covers only the additional insured's vicarious liability for the acts of the named insured." Garcia v. Fed. Ins. Co., 473 F.3d 1131, 1133 (11th Cir.2006). Garcia argues that Federal's policy is ambiguous and should be construed to cover her own acts as well as any vicarious liability for the named insured's negligence. Because this is an issue determinative of a cause pending in the Eleventh Circuit for which there appears to be no controlling precedent, that court certified two questions to us:
1. Is an insurance policy that defines a covered person as "any other person with respect to liability because of acts or omissions of the insured" ambiguous?
2. Does an insurance policy providing coverage for an additional insured "with respect to liability because of acts or omissions" of the named insured limit coverage to instances in which the additional insured is vicariously liable for acts of the named insured?
Id. at 1136. We have exercised our discretionary jurisdiction to answer them. See art. V, § 3(b)(6), Fla. Const. As explained below, we hold that Federal's policy is unambiguous and limits coverage to instances of vicarious liability. Therefore, we answer the first question "no" and the second question "yes."

I. BACKGROUND
Maria Garcia worked as a caregiver for the insured, Laura Anderson. As part of *290 her duties, Garcia ran errands using a 1994 Volvo owned by Anderson's son-in-law, Harry Mark Veith. One day, with permission from Veith and Anderson, Garcia drove the Volvo to the supermarket. As she drove into the parking lot, her foot slipped off the brake pedal. The car struck and seriously injured a pedestrian who had been withdrawing money from an ATM. The victim sued Veith, Anderson, and Garcia, among others. The complaint alleged that Veith, Anderson, and Garcia were each independently negligent for allowing the brake pedal to wear down to the point that bare metal was all that remained, causing Garcia's foot to slip.
At the time of the accident, Anderson was covered by Federal's homeowner's insurance policy. The policy included coverage for personal liability, which covers "damages a covered person is legally obligated to pay for personal injury or property damage which take place anytime during the policy period and are caused by an occurrence, unless stated otherwise or an exclusion applies." The policy defines a covered person as follows:
A covered person means:
[1] You or a family member;
[2] any other person or organization with respect to liability because of acts or omissions of you or a family member; or
[3] any combination of the above.
. . . .
Definitions
. . . .
You means the person named in the Coverage Summary, and a spouse who lives with that person.
. . . .
Family Member means your relative who lives with you, or any other person under 25 in your care or your relative's care who lives with you.
Federal settled the victim's claims against Anderson. Garcia settled with the victim and then sought coverage from Federal, arguing that she qualified as "any other person or organization with respect to liability because of acts or omissions" of Anderson. Federal denied her claim, arguing that the policy's additional insured clause only covers individuals who become vicariously liable for the acts or omissions of the named insured. Because the victim sued Garcia for her own negligent acts, not for any acts or omissions of Anderson, Federal concluded that she did not qualify as an additional insured.
Garcia sued Federal in the United States District Court for the Southern District of Florida, seeking a declaration that she is a covered person under the policy. The district court concluded that Garcia would only be entitled to coverage under a theory of vicarious liability:
A plain reading of "with respect to liability because of acts or omissions of you" means, in this case, that Garcia is covered under the Policy if Garcia could be liable for striking the pedestrian because of Anderson's failure to maintain the brake pedal of the automobile in a safe condition.
Because the victim sued Garcia for her own negligence, the district court held that "Garcia is not a `covered person' under the Policy."
The district court also relied on our opinion in Container Corp. of America v. Maryland Casualty Co., 707 So.2d 733 (Fla.1998). In that case, we referred to Consolidation Coal Co. v. Liberty Mutual Ins. Co., 406 F.Supp. 1292 (W.D.Pa.1976), as a case where an additional insured provision clearly limited coverage to vicarious liability. The policy in Consolidation Coal provided coverage for an additional insured, "but only with respect to acts or *291 omissions of the named insured." The district court noted that Federal's additional insured provision is nearly identical to the clause in Consolidation Coal. Based on its interpretation of the plain meaning of Federal's policy and our statements in Container Corp., the district court held that Garcia was not entitled to coverage.
On appeal, the Eleventh Circuit noted that although the policy in Consolidation Coal is similar to Federal's, it is not identical. Specifically, the clause in Consolidation Coal includes the words "but only," while Federal's policy does not. The court stated that "[i]t is therefore arguable that the language in Consolidation Coal, which the Florida Supreme Court considers to be clear, can be distinguished from the language in the instant case." Garcia, 473 F.3d at 1136. The Eleventh Circuit was also unsure how our opinion in Taurus Holdings, Inc. v. United States Fidelity & Guaranty Co., 913 So.2d 528 (Fla.2005), where we interpreted the phrase "arising out of," might affect our interpretation of Federal's policy. To resolve these uncertainties the Eleventh Circuit certified the two questions we address here.

II. ANALYSIS
This case raises a single issue of insurance contract interpretation. We must decide whether a clause covering "any other person with respect to liability because of acts or omissions" of the named insured covers only vicarious liability for the negligence of the named insured. In deciding this issue, we (A) review the standard for interpreting insurance contracts; (B) examine the language of the clause at issue; (C) review cases from Florida and other jurisdictions interpreting similar policy language; and (D) explain why our opinion in Taurus Holdings interpreting the phrase "arising out of" does not apply. We conclude by holding that the phrase "any other person with respect to liability because of acts or omissions of the named insured" is unambiguous and limits an additional insured's coverage to instances of vicarious liability.

A. The Standard for Interpreting Insurance Contracts in Florida
"Under Florida law, insurance contracts are construed according to their plain meaning." Taurus Holdings, 913 So.2d at 532. "If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and another limiting coverage, the insurance policy is considered ambiguous." Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000). Ambiguities in insurance contracts are interpreted against the insurer and in favor of the insured. Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003). To allow for such a construction, however, the provision must actually be ambiguous. Taurus Holdings, 913 So.2d at 532. A provision is not ambiguous simply because it is complex or requires analysis. Swire Pac. Holdings, 845 So.2d at 165. "Moreover, `if a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision.'" Taurus Holdings, 913 So.2d at 532 (quoting Hagen v. Aetna Cas. & Sur. Co., 675 So.2d 963, 965 (Fla. 5th DCA 1996)).
With these concepts in mind, we consider the particular policy language at issue.

B. The Plain Meaning of Federal's Policy
We now examine the policy language at issue: "with respect to liability because of acts or omissions" of the named insured. Two phrases are particularly relevant: "with respect to," and "because of." When interpreting insurance contracts, we *292 may consult references commonly relied upon to supply the accepted meanings of words. See Gov't Employees Ins. Co. v. Novak, 453 So.2d 1116, 1118 (Fla.1984) (citing Webster's Third New International Dictionary 11 (1966) to define "accident"); Beans v. Chohonis, 740 So.2d 65, 67 (Fla. 3d DCA 1999) ("One looks to the dictionary for the plain and ordinary meaning of words."). The phrase "with respect to" is defined as "concerning." Merriam Webster's Collegiate Dictionary 997 (10th ed.1993). The phrase "because of" is defined as "by reason of." Id. at 101. When considered in context, these words clearly indicate that an additional insured is only entitled to coverage concerning liability that is caused by or occurs by reason of acts or omissions of the named insured. An additional insured's liability thus must be caused by the acts or omissionsthat is, the negligenceof the named insured. The policy does not cover an additional insured's liability arising from her own negligent acts. Because the accident victim sued Garcia for her own negligence in failing to maintain the brake pedal, and did not allege that Garcia was liable for Anderson's acts or omissions, Garcia is not entitled to coverage.

C. Cases Interpreting Similar Language
No Florida court has interpreted the precise language at issue. We have, however, considered similar language. In Container Corp., we noted that if an insurer had wished to limit an additional insured's coverage to vicarious liability it could have included language similar to that used in Consolidation Coal: "Had Maryland wished to limit Container's coverage to vicarious liability, it could have done so by clear policy language. See Consolidation Coal Co. v. Liberty Mut. Ins. Co., 406 F.Supp. 1292 (W.D.Pa.1976) (construing coverage language as insuring the additional insured for vicarious liability)." Container Corp., 707 So.2d at 736.
In Consolidation Coal, a coal company hired a hauler to transport various coal products. As part of the contract, the hauler made the coal company an additional insured on its liability insurance policy. The endorsement covered the coal company, "but only with respect to acts or omissions of the named insured." During the contract term, a coal company train nearly struck an employee of the hauler. The company settled the employee's subsequent claim and sought indemnification from the insurer. The insurer denied coverage, arguing that the endorsement limited coverage to the coal company's vicarious liability for the hauler's acts or omissions. A federal district court agreed, holding that "[t]he most likely meaning of the subject phrase is that it attempts to limit coverage to those instances where the acts or omissions  the negligenceof [the named insured] leads to [the coal company's] liability." 406 F.Supp. at 1300. We approved this analysis in Container Corp. and confirm that view today.
Courts from other jurisdictions have interpreted similar language to arrive at the same result. See Vulcan Materials Co. v. Casualty Ins. Co., 723 F.Supp. 1263, 1264-65 (N.D.Ill.1989) (holding that the phrase "any other person or organization but only with respect to his or its liability because of acts or omissions of an insured" is "plainly a vicarious liability provision and nothing more"); Sprouse v. Kall, 2004-Ohio-353, ¶¶ 3, 9, 2004 WL 170451 (Ohio Ct.App. Jan. 29, 2004) (an unreported Ohio opinion holding that the phrase "but only with respect to [its] liability because of acts or omissions of an insured" is "intended to protect [the additional insured] from vicarious liability for the acts or omissions of . . . the primary insured"); Transp. Ins. *293 Co. v. George E. Failing Co., 691 S.W.2d 71, 73 (Tex.App.1985) (holding that the clause "any person or organization but only with respect to his or its liability because of acts or omissions of an insured" only covers an additional insured's liability for negligence of a named insured).
The additional insured provisions in Consolidation Coal, Vulcan, Sprouse, and George E. Failing, are nearly identical to the clause at issue. As Garcia and the Eleventh Circuit point out, however, the clause in each of these cases includes the words "but only," while the policy here does not. Garcia argues that the absence of "but only" renders Federal's policy ambiguous. We disagree. Again, the phrase "because of" in the policy is relevant. As one court has explained,
there is a more circumscribed meaning to "because of" than merely being a sequential link in the chain of events. . . . The phrase appears to include persons or organizations held in by way of vicarious liability for derelictions of [the named insured].
Long Island Lighting Co. v. Hartford Accident & Indem. Co., 76 Misc.2d 832, 350 N.Y.S.2d 967, 972 (N.Y.Sup.Ct.1973).[1] We agree with this assessment. The omission of the words "but only" in Federal's policy does not materially change the limitation of the additional insured provision to instances of vicarious liability.

D. Cases Considering the Phrase "Arising Out Of" Do Not Apply in This Context
Garcia also argues that Federal's policy should be construed consistent with the phrase "arising out of," which we interpreted in Taurus Holdings. In Taurus Holdings, a group of municipalities sued Taurus, a manufacturer and distributor of firearms, seeking recovery for the expenses associated with gun violence in their communities. Taurus sought coverage for these suits from numerous insurers. The insurers denied coverage based on provisions excluding coverage for "all bodily injury and property damage occurring away from premises you own or rent and arising out of your product." Taurus Holdings, 913 So.2d at 531. We reviewed cases interpreting the phrase "arising out of" and concluded that it requires only "some level of causation greater than coincidence." Id. at 533. We noted that "the term . . . is broader in meaning than the term `caused by.'" Id. at 539 (quoting Hagen v. Aetna Cas. & Sur. Co., 675 So.2d 963, 965 (Fla. 5th DCA 1996)). Based in part on this broad construction of the exclusionary provision, we held that the insurers were not required to defend Taurus.
The "arising out of" language at issue in Taurus Holdings, however, is broader than the language in Federal's additional insured clause. As we emphasized above, the presence of the words "because of" in Federal's policy requires that an additional insured's liability be "caused by" the acts or omissions of the named insured. The phrase "arising out of" contemplates a more attenuated link than the phrase "because of." For this reason, our opinion in Taurus Holdings has no bearing on our interpretation of Federal's policy language.[2]

*294 CONCLUSION
We hold that the phrase "any other person with respect to liability because of acts or omissions" of the named insured covers only an additional insured's vicarious liability for the negligent acts or omissions of the named insured. Federal's policy does not cover the additional insured's independent acts of negligence. Because the accident victim's suit against Garcia sought recovery only for her direct negligence, and did not allege any liability based on acts or omissions of Anderson, Garcia is not entitled to coverage.
Having answered the questions certified to us, we return this case to the Eleventh Circuit.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and BELL, JJ., concur.
NOTES
[1] Hartford interpreted an additional insured provision that extended coverage to "any other person or organization but only with respect to his or its liability because of acts or omissions of an insured."
[2] Garcia also argues that Federal at least had a duty to defend her in the victim's lawsuit against her. This issue is outside the scope of the certified questions and we decline to address it. See Hawkins v. Ford Motor Co., 748 So.2d 993, 997 n. 5 (Fla.1999) ("We decline to address the . . . issues raised by Ford . . . as those issues are outside the scope of the certified question.").