SHEPHERD, J.
 

 Lazaro Rolando Justez appeals from a trial court order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence on the ground of scoresheet error. We affirm the order of the trial court.
 

 Justez was charged by information with two counts of home invasion robbery with a firearm (counts 5 and 6), conspiracy to commit home invasion robbery (count 9), kidnapping with a firearm (count 15), possession of a firearm by a convicted felon (count 17), and giving a false name after arrest (count 21) for offenses occurring on April 23, 2002. On August 6, 2004, Justez accepted a plea offer in the case. In exchange for his plea of guilty to one count of home invasion robbery (count 5), one count of conspiracy (count 9), and one count of kidnapping (count 15), Justez was sentenced to sixteen years in state prison followed by five years of probation. On February 17, 2009, Justez filed two motions in the trial court — a Florida Rule of Criminal Procedure 3.850 motion and a Rule 3.800(a) motion. The former was
 
 *475
 
 clearly time barred and successive as well, since Justez had timely filed such a motion many years earlier. In the latter motion, Justez raised scoresheet error and alleged he was entitled to a re-sentencing.
 

 The scoresheet submitted by the State to the court át Justez’s sentencing did, in fact, contain two errors: (1) the scoresheet improperly listed the home invasion robbery count and the armed kidnapping count as life felonies, when they should have been listed as first degree felonies punishable by life; and (2) the scoresheet improperly included points for two counts of home invasion robbery, when Justez pled to only one count of home invasion robbery. The State offered an amended scoresheet at the hearing, which was approved by the court. The latter change resulted in a reduction of Justez’s minimum guidelines score from 16.6 years in state prison to 121.95 months, or 10.1625 years. He was denied a re-sentencing.
 

 Justez argues he was entitled to a re-sentencing based upon the corrected score-sheet because he pled to the lawful score-sheet minimum, whatever that turned out to be. He places his primary reliance for this argument on the following advice appearing in correspondence from his counsel a few weeks before the plea:
 

 As you can see from the score sheet [sic], the minimum sentence that can be imposed by Judge Ptomey as a matter of law is 16.6 years. Given the fact that the [S]tate will agree that you did not possess a firearm, you are getting a plea that is tantamount to your “best day” in court.
 

 Alternately, he would have us believe that the agreement of the parties was that he would be sentenced to the mid-range of a properly prepared scoresheet and thus was prejudiced in the earlier sentencing proceeding. Justez is not entitled to relief on either of these grounds.
 

 Justez’s first point is refuted by the record. Justez did not plea to a score-sheet minimum. As indicated in his subsequently filed "plea agreement, Justez agreed to a negotiated plea for a term of “16 years F.S.P. followed by 5 yrs probation.” His agreement was extensively discussed at the sentencing hearing. There was no mention of any linkage of his plea to a scoresheet. Nor is there any evidence in the record of a promised “mid-range sentence.” He was colloquyed extensively on the agreement, affirmed under oath that he signed it, understood its terms, appreciated this maximum exposure, stated he was satisfied with his legal representation, and knew and understood the sentence to be imposed. His argument, nevertheless, is that he was entitled to be . sentenced under a correct score-sheet.
 

 ' At this present stage of Justez’s fulfillment of the judgment and sentence, the scoresheet error pressed by Justez is, legally speaking, harmless error. Justez does not seek to withdraw his plea. He seeks a re-do only of that portion of the plea proceeding where he can suffer no downside. However, as the Florida Supreme Court has well explained, Justez is not entitled to such a reconsideration on a Rule 3.800(a) motion filed so long into the lawful execution by the people of the State of Florida of Justez’s judgment and sentence:
 

 [At this stage], [defendants [have] already ha[d] three separate opportunities to raise sentencing errors, all of which are subject to the [what] would-have-been-imposed standard: if the error was preserved at sentencing, defendants may raise the issue on direct appeal; if the error was
 
 not
 
 preserved at sentencing, they may raise it by motion under rule 3.800(b) and
 
 then
 
 raise it on appeal; and, under rule 3.850, they may raise
 
 *476
 
 the issue within two years after the sentence becomes final....
 

 After the time for filing 8.850 motions has passed, the State’s interests in finality are more compelling.
 

 [[Image here]]
 

 Accordingly, for motions filed under rule 3.800(a), we hold that if the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless.
 

 Brooks v. State,
 
 969 So.2d 288, 243 (Fla.2007). In this case, it cannot be questioned that the trial court could have imposed the same sentence using a correct scoresheet.
 

 Finally, appointed counsel for Justez argues that under
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), Justez should be permitted to amend his timely filed Rule 3.850 motion, which was denied by the trial court four years ago. Not only is
 
 Spera
 
 inapplicable to circumstances where a trial court has considered a Rule 3.850 motion on the merits, but also expanding
 
 Spera
 
 in the way suggested would result in a policy judgment favoring further litigation in matters of this type, contrary to the policy enunciated by the Florida Supreme Court in
 
 Brooks,
 
 “encouraging defendants to seek an early remedy so that sentencing errors may be corrected as soon as possible.”
 
 Brooks,
 
 969 So.2d at 243.
 

 For all of these reasons, we affirm the trial court’s order.