[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11129
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01751-GAP-KRS

ATLANTIC SPECIALTY INSURANCE COMPANY,

Plaintiff - Counter Defendant -
Appellee,

versus

SERGEY PASTUKOV,

Defendant - Counter Claimant -
Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 10, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Sergey Pastukov was involved in a truck accident on May 14, 2015. Atlantic Specialty Insurance Company denied his claim and later sought a declaratory judgment to establish that it was not obligated to cover his accident. The district court agreed and granted judgment in Atlantic Specialty's favor. It also denied Mr. Pastukov leave to amend his answer and counterclaim. Mr. Pastukov now appeals both adverse rulings. After careful review of the record and the parties' briefs, we affirm.

## I

Before the district court, Atlantic Specialty provided three reasons for which it was not obligated to provide coverage for Mr. Pastukov's accident. First, it argued that his claim was not covered because his loss occurred before coverage began. Second, it argued that he was not eligible for coverage under the policy because he did not meet the requirements of a "Contract Driver" or an "Owner-Operator." Finally, it asserted that his claim was barred by the known loss doctrine.

The district court adopted the second basis, finding that Mr. Pastukov was never eligible for coverage. It rejected Mr. Pastukov's contention that the contract's terms were ambiguous and held that there is "no interpretation of the language of the [Certificate of Insurance] under which [he] qualifies for coverage, either as a Contract Driver or an Owner-Operator." D.E. 71 at 6.

2

Mr. Pastukov moved for reconsideration and, in the alternative, for leave to amend his answer and counterclaim to assert the affirmative defense of waiver and estoppel. The district court denied the motion, finding that the proposed amendment would be futile because the issue of eligibility could not be waived by Atlantic Specialty. Mr. Pastukov now appeals the judgment in favor of Atlantic Specialty and the denial of his motion to amend.

## II

We review the district court's ruling on summary judgment *de novo. See Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Although the district court adopted Atlantic Specialty's second basis, "[w]e may affirm on any ground supported by the record." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016). We elect to do so here because Atlantic Specialty's first basis— that Mr. Pastukov's loss occurred before coverage began—resolves all issues in this appeal.[1]

The parties agree that we apply Florida law. *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515–16 (11th Cir. 1997). "Under Florida law, insurance contracts are construed according to their plain meaning." *Garcia v.*

---

[1] Specifically, we need not consider Mr. Pastukov's arguments concerning denial of leave to amend to assert his waiver and estoppel affirmative defenses because those defenses do not change the fact that coverage was not in effect when the accident occurred. And, because the accident occurred before coverage began, any amendment would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (noting that amendment is futile where, even with amendment, the opposing party would be immediately entitled to summary judgment on the merits).

3

*Fed. Ins. Co.*, 969 So. 2d 288, 291 (Fla. 2007).  "The policy terms should be given their plan and unambiguous meaning as understood by the 'man-on-the-street.'" *Harrington v. Citizens Prop. Ins. Corp.*, 54 So. 3d 999, 1001 (Fla. 4th DCA 2010) (quotation marks omitted).  "If the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and [ ] another limiting coverage, the insurance policy is considered ambiguous." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000).  A provision, however, "is not ambiguous simply because it is complex or requires analysis." *Garcia*, 969 So. 2d at 291. "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Id.*

According to the insurance contract, under the provision entitled "Your Coverage Effective Date," Mr. Pastukov's "coverage under the Policy beg[an] on the latest of:"

(1)  the Policy Effective Date
(2)  the date You become a member of an eligible Class as described above; or
(3)  the date upon which the Program Administrator or its Designee approves Your fully completed and signed enrollment form.

Mr. Pastukov's Policy Effective Date was May 14, 2015.  His coverage began, however, when the Program Administrator approved his application on May 29, 2015.  Accordingly, coverage was not in effect when his accident occurred on May 14.

This provision is consistent with Florida law, which recognizes that "[g]enerally, the parties to a contract are competent to fix the effective date." *CNA Intern. Reinsurance Co., Ltd. v. Phoenix*, 678 So. 2d 378, 380 (Fla. 1st DCA 1996) (citing Appleman, Insurance Law and Practice § 105 (1981)). *See also Hartford Ins. Co. of the Midwest v. Surrency*, 537 So. 2d 208, 208 (Fla. 5th DCA 1989) ("[P]arties can contract for a policy to begin on a particular date."). The ability of the parties to agree upon which date, or event, coverage begins is also recognized by the leading treatises. *See* 1 New Appleman on Insurance Law Library Edition § 3.01[2] (2018) ("[T]he effective dates of coverage are usually left up to the insurer and insured to decide. . . . The effective date is a key concept because it defines when the insured has contractual rights that can be enforced."); Couch on Insurance § 14:2 (2017) ("As a general rule, the risk attaches as of the time actually agreed upon or understood by the parties.").

In response, Mr. Pastukov focuses only on the Policy Effective Date, citing case law that establishes that, if an effective time is not specified, "the insurance policy becomes effective at 12:01am on the effective date." *See* Reply Br. at 16 (citing *La Quay v. Union Fid. Life Ins. Co.*, 403 So. 2d 1359, 1362 (Fla. 4th DCA 1981)). This argument is inapposite. We are prohibited from focusing on portions of the contract in isolation; rather we read "the policy as a whole, endeavoring to give every provision its full meaning and operative effect." *Morales v. Zenith Ins.*

5

*Co.*, 152 So. 3d 557, 561 (Fla. 2014).  The clear terms of the insurance policy contemplate that "coverage under the Policy beg[an] on the latest of" three events. The latest event was the approval of his application on May 29.  Put differently, the contract contemplates a situation where the Policy Effective Date is earlier than the date on which coverage under the policy begins.

Mr. Pastukov also relies on the maxim that we should construe insurance policy language in favor of the insured.  This principle does not apply here because the contract language is clear.  *See Allstate Ins. Co. v. Orthopedic Specialists*, 212 So. 3d 973, 976 (Fla. 2017) ("To find in favor of the insured on this basis, however, the policy must actually be ambiguous."); *Morales*, 152 So. 3d at 561 ("Only if a provision is ambiguous after considering the policy as a whole will this [c]ourt construe the ambiguous provision against the insurer in favor of coverage.").

## III

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

6