[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11440
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:10-cv-80203-KLR

MARYLAND CASUALTY COMPANY,

Plaintiff - Appellee,

versus

FLORIDA ATLANTIC ORTHOPEDICS, P.L.,
f.k.a. Florida Atlantic Orthopedics, LLC,

Defendant,

MELISSA MAHBEAR,
individually and as personal representative of the
Estate of Jacquline Dixon,
ANA-SHARI MAHBEAR,
ADRIAN MAHBEAR,
JM,
AM,
minors,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 22, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Melissa Mahbear, individually and as personal representative of the Estate

of Jacqueline Dixon; Ana-Shari Mahbear; Adrian Mahbear; J.M., a minor; and

A.M., a minor, appeal the summary judgment entered in favor of Maryland

Casualty Co. that it had no duty to defend or indemnify its insured, Florida

Atlantic Orthopedics, P.L., against a complaint of premises liability arising out of

the death of Dixon. The district court ruled that the health services and

professional services policy issued by Maryland Casualty to Florida Atlantic

excluded coverage for injuries arising out of the provision of professional medical

services and Dixon's injuries arose out of medical services provided by physicians

of Florida Atlantic. We affirm.

The Mahbears argue that Florida Atlantic breached its duty to its patient,

Dixon, to ensure that its ambulatory surgical center was free from dangerous

conditions and that their complaint about this breach of duty was covered under

the policy issued by Maryland Casualty. The Mahbears complained in a state lawsuit that Florida Atlantic failed to provide a safe method to transport patients to another facility in the event of an emergency. The Mahbears alleged that Dixon died as a result of complications from an elective surgery when emergency personnel were unable to transport Dixon effectively to an emergency facility because of an elevator at Florida Atlantic that was too small. The Mahbears contend that their complaint of premises liability is different from a claim of wrongful death arising out of medical malpractice and is, therefore, not excluded from coverage under the policy issued by Maryland Casualty.

We agree with the district court that the exclusions in the policy relieved Maryland Casualty of a duty to defend or indemnify Florida Atlantic against the Mahbears' complaint of premises liability. The policy unambiguously excluded coverage for injuries arising out of the medical services provided by Florida Atlantic. Transporting Dixon safely to an emergency facility because of a botched surgery was an integral part of providing her medical services. We affirm the summary judgment in favor of Maryland Casualty.

**AFFIRMED.**