[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10596

_____

D.C. Docket No. 0:09-cv-61275-MGC


MT. HAWLEY INSURANCE COMPANY,

Plaintiff - Appellee,

versus

DANIA DISTRIBUTION CENTRE LTD.,
A Florida Limited Partnership,
LAURIS BOULANGER, INC.,
a Florida corporation, et al.

Defendants - Appellants,

DEBORAH WALLACE, individually and as a parent or
natural guardian of L.W., a minor, Key W., a minor,
J.W., a minor, and Kei W., a minor, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 20, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Dania Distribution Centre, Ltd., Lauris Boulanger, Inc., and Dania Distribution Center Condominium Association, Inc. ("Insureds"), and several homeowners and renters ("Residents") appeal the summary judgment awarded to Mt. Hawley Insurance Company ("Mt. Hawley") in Mt. Hawley's suit for declaratory judgment. In granting summary judgment, the district court ruled—based on a pollution exclusion clause in the Insureds' commercial general liability policy with Mt. Hawley—that Mt. Hawley had no duty to defend or indemnify the Insureds against the Residents' underlying lawsuit. After reviewing the record and oral argument, no reversible error has been shown; we affirm.

The Insureds bought a piece of property that had been used historically as an illicit dumping site for construction and demolition debris, medical waste, fuel tanks, gasoline, other petroleum products, and various chemicals. Groundwater assessments and soil samples collected from the property prior to the effective date of the policy confirmed the presence of many hazardous contaminants. When the Insureds cleared and prepared the property for construction, they dispersed these contaminants inadvertently into adjacent neighborhoods where the Residents lived.

The Residents sued the Insureds for negligence, nuisance, trespass, and violations of the Florida Pollutant Discharge Prevention and Control Act, Florida

2

Statutes Section 376.313.  The Residents alleged that "[p]rior to and since the initiation of development, clearing, preparation and/or construction of the Dania Distribution Center, some form of emissions, leakages, seeping, blowing, releases, transfers, dumping, emptying, pouring or otherwise prohibited discharges of pollutants, contaminants, hazardous substances, petroleum products, petroleum products [sic] chemicals of concern, pollutants, and/or pollution have occurred." And, as a result of repeated and prolonged exposure to such pollutants, the Residents claimed that they suffered bodily injury and property damage.

The Insureds sought protection under their insurance policy, but Mt. Hawley refused to defend the Insureds against the Residents' lawsuit and denied coverage. Mt. Hawley then filed this action for declaratory judgment.  It asserted that coverage for the Residents' alleged injuries was barred by the policy's pollution exclusion clause, which excludes coverage for:

> "Bodily injury," "property damage" or "personal injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape, contamination, growth, inhalation, ingestion, absorption of or exposure to "pollutants":[1]
>
>> (a)    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

---

[1] The policy defines "pollutants" as "any solid, liquid, gaseous, thermal or biological irritant or contaminant, including but not limited to smoke, vapor, soot, lead, asbestos, airborne fibers or spores, mold, mildew, fungus or decay, fumes, acids, alkalis, chemicals or toxins (derived from but not limited to petroleum derivative products), from any source which contaminate, pollute and/or defile any physical substance or matter."

(b)     At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

. . . . or

(d)     At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations.

Additionally, Mt. Hawley asserted that the policy's "Continuous or Progressive Injury and Damage Exclusion" clause barred coverage. The continuous or progressive injury and damage exclusion clause excludes coverage for bodily injury, property damage, and personal injury that pre-existed the policy or were in progress when the policy became effective. The district court agreed with Mt. Hawley that these clauses barred coverage and issued summary judgment to Mt. Hawley.

We review *de novo* a district court's grant of summary judgment, applying the same legal standards as the district court. *Whatley v. CAN Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836-37 (11th Cir. 2006).

4

An insurer's "duty to defend depends solely on the allegations in the complaint filed against the insured." *Trizec Props., Inc. v. Biltmore Const. Co., Inc.*, 767 F.2d 810, 811 (11th Cir. 1985) (quotation omitted). "If an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580-81 (11th Cir. 1995) (citations omitted). But, "[i]f the alleged facts and legal theories do not fall within a policy's coverage, no duty to defend arises." *Id.* at 1584 (citation omitted).

As an initial matter, we see no language in the pollution exclusion clause that is ambiguous when applied to the facts of this case. That the clause is divided into subsections, some of which also contain exceptions, does not render it ambiguous *per se*. And—although the clause might require some interpretation— "[a]mbiguity is not invariably present when analysis is required to interpret [an insurance] policy." *Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.*, 757 F.2d 1172, 1175 (11th Cir. 1985).

The Residents' lawsuit claimed bodily injury and property damage, resulting from the alleged discharge of pollutants from property that was both (1) owned by the Insureds and (2) once used for waste disposal. Because these claims fall squarely within subsections (a) and (b) of the pollution exclusion clause, the

5

alleged injuries are not covered under the Insured's policy.  Thus, Mt. Hawley had no duty to defend the Insureds in the underlying action.[2]

The Residents[3] argued that depositions in the underlying action revealed that the property damage included cracks in the walls of homes that could not be caused by pollutants.  However, nowhere in the complaint's 1,862 paragraphs do the Residents allege property damage resulted from anything other than the discharge of pollutants.  As Mt. Hawley's duty to defend is based solely on the allegations in the complaint, the deposition testimony relied on by the Residents is insufficient to implicate Mt. Hawley's duty to defend.

Similarly, we reject the argument that Mt. Hawley had a duty to defend the Insureds based on the Residents' allegations about sewage odors, excessive noise, and dust.  Although the complaint noted that "[a] sewage odor was observed" and that the Residents complained about excessive noise coming from the property, the complaint failed to allege that the Residents were injured as a result of the odors or noise—only that the Residents were injured as a result of the pollutants.  And, while the complaint described "excessive" and "thick" dust coming from the property, it alleged that the residents "developed health problems as a result of

---

[2] Because coverage is precluded by subsections (a) and (b) of the pollution exclusion clause, we do not reach the question of whether the Residents' complaint would have triggered the "mobile equipment" exception to subsection (d).

[3] As part of the *Coblentz* agreement that settled the underlying case, the Residents assumed the rights of the Insureds to assert their claims against Mt. Hawley for failure to defend, and argued on behalf of the Insureds before this Court.

6

their contact with *the pollutants and poisons in the dust* and particles discharged from the property."  (emphasis added).  Because the Residents' alleged injuries stemmed from contaminated dust, coverage for those injuries is also excluded by the pollution exclusion clause.

Moreover, the complaint alleges that the Insureds were aware of the presence of toxic and hazardous substances on the property prior to the policy coming into effect in October 2004.  And that soil and groundwater testing from 2000 to 2002—years before the policy came into effect—revealed the presence of toxins, including petroleum contaminants, at the property.  The complaint further alleges that the Residents suffered personal injuries from being "exposed, over a period of years . . . to elevated levels of hazardous toxic chemicals and materials . . . ."  The Residents now argue on appeal that the contaminated soil at the site was completely replaced by clean soil by the end of 2001,[4] and this was a superseding event that broke the continuous injury.  But, the allegations in the complaint are determinative, and the complaint fails to allege injuries that fall outside of the continuous or progressive injury and damage exclusion clause.

---

[4] We view the evidence in the light most favorable to the Insureds and Residents, making all reasonable inferences in their favor.  *Holloman*, 443 F.3d at 836.  The complaint alleges that soil samples collected on November 26, 2002, contained elevated levels of copper, arsenic, barium, chromium, nickel, and lead.  Even if these contaminants were introduced to the soil after the new soil was trucked on to the property in 2001, these contaminants were on the property prior to the effective date of the policy.

7

Viewing the record in the light most favorable to the Insureds and Residents, no genuine issue of material fact exists.  Both the pollution exclusions and the continuous or progressive injury and damage exclusion clauses bar coverage. Thus, summary judgment in favor of Mt. Hawley was proper.

AFFIRMED.