[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10025
_____

D.C. Docket No. 3:11-cv-00731-HLA-JRK


INTERLINE BRANDS, INC.,
a Delaware corporation,
INTERLINE BRANDS, INC.,
a New Jersey corporation,

                    Plaintiffs - Counter
                    Defendants - Appellants,

versus

CHARTIS SPECIALTY INSURANCE COMPANY,
f.k.a. American International Specialty Lines
Insurance Company,

                    Defendant - Counter
                    Claimant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 15, 2014)

Before TJOFLAT, COX, and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

In this insurance dispute, the Plaintiff-Appellant, Interline Brands ("Interline"), suffers from a case of buyer's remorse. Interline purchased a series of commercial general liability policies from the Defendant-Appellee, Chartis Specialty Insurance Company ("Chartis"). The policies Interline purchased contain an exclusion for violations of any statute that addresses transmitting any material or information (the "Exclusion"). During the policy period, Interline was sued for violating the Telephone Consumer Protection Act (the "Act"), 47 U.S.C. § 227, *et seq.* Chartis denied coverage based on the Exclusion. Refusing to accept Chartis's position that the policy did not cover violations of the Act, Interline filed suit. Interline contended that the Exclusion is void because it is ambiguous and against public policy. The district court disagreed, and granted Chartis's motion for judgment on the pleadings. We affirm.

## I. Facts and Procedural History

Interline is a corporation that distributes and markets products. Chartis (then known as American International Specialty Lines Insurance Company) issued Interline a series of commercial general liability policies. Each of the policies

---

[*] Honorable Arthur L. Alarcón, United States Senior Circuit Judge for the Ninth Circuit, sitting by designation.

provided coverage for bodily injury and property damage liability, personal and advertising injury liability, medical payments, and pollution legal liability. The personal and advertising injury liability coverage provided that Chartis would indemnify and defend Interline against suits seeking damages for personal or advertising injury. But, the coverage included an exclusion for "violation of statutes in connection with sending, transmitting or communicating any material or information." (R. 1-1 at 14.) The Exclusion states that:

> "Personal and advertising injury arising out of or resulting from, caused directly or indirectly, in whole or in part by, any act that violates any statute, ordinance or regulation of any federal, state or local government, including any amendment of or addition to such laws, that includes, addresses or applies to the sending, transmitting or communicating of any material or information, by any means whatsoever." (R. 1-1 at 14.)

During the policy period, Interline was sued for sending unwanted "junk" faxes in violation of the Act. Interline gave Chartis notice of the suit and requested defense and indemnity under the policy. Chartis denied coverage, stating that the suit fell within the Exclusion in Interline's policy.

As a result of these events, Interline filed suit against Chartis alleging breach of contract. Interline alleges in the complaint that the Exclusion is unenforceable because it is overbroad and ambiguous. Interline filed a motion for judgment on the pleadings, contending that the Exclusion was unenforceable and that Chartis must provide a defense and indemnification. Chartis filed a cross-motion for

3

judgment on the pleadings, contending that the Exclusion was valid.  The district court granted Chartis's motion, holding that Chartis had no duty to defend or indemnify Interline because the Exclusion controlled.  Interline appeals.

## II. Issue on Appeal

Did the district court err by granting Chartis judgment on the pleadings?

## III. Standard of Review

We review a judgment on the pleadings de novo.  *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).  "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."  *Id.* (quotation omitted).  "We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party."  *Id.*

## IV. Discussion

Because this is a diversity suit, we apply the law of the forum state, Florida.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021–22 (1941).  Under Florida law, a clear and unambiguous policy provision "should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision."  *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (quotation omitted).  Interline contends that the

4

Exclusion is void because it is ambiguous and against public policy. We address each contention in turn.

## A. The Exclusion is not void due to ambiguity.

Interline contends that the Exclusion is so ambiguous that it is void.[1] Chartis responds that the Exclusion is not ambiguous, and—even if it is—the Exclusion would not be void under Florida law.

Under Florida law, a provision is ambiguous if, after resort to the ordinary rules of construction, "the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage." *Taurus Holdings*, 913 So. 2d at 532 (quotation omitted). A provision "is not ambiguous merely because it requires analysis to interpret it." *Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc.*, 874 So. 2d 26, 31 (Fla. 2d DCA 2004). The remedy is to construe an ambiguous provision against the insurer and in favor of coverage. *Taurus Holdings*, 913 So. 2d at 532. But, "courts may not rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Id.* (quotation omitted).

---

[1] According to Interline, the Exclusion's ambiguity renders it void "because there are potentially tens of thousands of interpretations requiring unguided guesswork concerning what Chartis meant by including this Exclusion, most of which would not apply to [the Act], finding an interpretation which provides coverage would require the same guesswork as discerning what might be excluded. Thus, the exclusion should not be enforced at all." (Appellant's Br. at 10.)

Interline contends that the Exclusion is ambiguous for two reasons: most reasonable interpretations would not include the Act and the Exclusion is overbroad.

First, Interline contends that the Exclusion is ambiguous because most interpretations of it would not apply to the Act. Interline does not provide any analysis for this contention or give an example of an interpretation that would not apply to the Act. After carefully examining the Exclusion's language, we hold it is not ambiguous. The Exclusion's plain language states "[t]his insurance does not apply to . . . any act that violates any statute . . . that includes, addresses or applies to the sending, transmitting or communicating of any material or information, by any means whatsoever." (R. 1-1 at 14). Any reasonable interpretation of this language excludes coverage for violations of the Act.

Second, Interline seems to contend that the Exclusion is ambiguous because it uses broad terminology to define its scope instead of clearly setting forth which particular laws it applies to. We disagree. No Florida rule states that a contract is ambiguous simply because it could have been more specific.

Regardless, we are not convinced that a list of particular laws would be an improvement. Interline estimates that this exclusion relates to "hundreds of thousands of laws, ordinances and codes," although there is no such information in the record. (Appellant's Br. at 11.) A list of hundreds of thousands of laws would

6

be painstakingly difficult to analyze and would likely provide the insured with less, not more, meaningful notice. And, it would be difficult for a specific list to account for laws that are amended, renamed, or enacted after the policy is signed. To be sure, the language of the Exclusion is broad and excludes coverage for violations of many laws. But, a broadly written provision is not the same as an ambiguous one.

Even assuming—for the sake of argument—that the Exclusion is ambiguous, we reject Interline's contention that it would be void. Under Florida law, the remedy for an ambiguous provision is to resolve the ambiguity "against the insurer and in favor of coverage." *Taurus Holdings*, 913 So. 2d at 532. But, in this case there is no construction that would provide coverage for violations of the Act. Instead of following this approach, Interline argues that an ambiguous contract should be void like a vague criminal law is void. But, Interline provides no support or rationale for this novel approach, and it is not Florida law.

Accordingly, the statute is not void due to ambiguity.

## B. The Exclusion is not void for being against public policy.

Interline next contends that the Exclusion is against public policy and void because it leads to an absurd result. According to Interline, the Exclusion's broad scope reduces the coverage Chartis sold to Interline to a "façade" and altogether

eliminates coverage under the policy. Chartis responds that this Exclusion is normal and that the policy provides significant coverage.

Under Florida law, "if one interpretation looking to the other provisions of the contract and to its general object and scope would lead to an absurd conclusion, such interpretation must be abandoned, and that adopted which will be more consistent with reason and probability." *Inter-Ocean Cas. Co. v. Hunt*, 189 So. 240, 243 (Fla. 1939). As more recently explained, "when limitations or exclusions completely contradict the insuring provisions, insurance coverage becomes illusory." *Purrelli v. State Farm Fire & Cas. Co.*, 698 So. 2d 618, 620 (Fla. 2d DCA 1997).

Interline overstates the extent to which the Exclusion limits coverage. Even with the broad Exclusion, the policy still contains extensive coverage. The policy provides a wide range of coverage for bodily injury and property damage liability, personal and advertising injury liability, medical payments, and pollution legal liability. The Exclusion only applies to the personal and advertising injury coverage. Furthermore, the Exclusion only excludes from coverage violations of a statute, ordinance, or regulation (i.e. not common law) and only in relation to "sending, transmitting or communicating of any material or information." While this is a significant Exclusion (especially in light of Interline's business), it does not render the policy absurd or completely contradict the insuring provisions.

8

Furthermore, exclusions are not necessarily harmful. Exclusions—like this one—allow creation of a policy that provides the insured the coverage it needs at a price it can afford. Without such exclusions, coverage would undoubtedly be more expensive. A company primarily needs insurance for risks it may be ill equipped to anticipate or prevent (e.g. property damage). Without an exclusion, a company would also have to pay for coverage of risks it can easily anticipate and avoid (e.g. violations of laws related to its business). And, coverage for violations of law creates a moral hazard that could substantially increase insurance costs, especially when the coverage is closely related to the company's business.

Accordingly, the Exclusion is sensible and not void for being against public policy.

## V. Conclusion

The district court correctly determined that the Exclusion is not ambiguous. Neither is the Exclusion against public policy. Accordingly, we affirm the district court's order.

**AFFIRMED.**